# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROGELIO BENAVIDES, ,<br><br>　　　　　Defendant. | Case No.  1:20-CR-00100-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br>(Doc. 31) |

 Rogelio Benavides seeks a reduction in his sentence based upon the Amendments to the United States Sentencing Guidelines, by noting that he received two "status points" for being on parole at the time he committed the crime at issue. Though it is apparent that under the Amendments Mr. Benavides is entitled to a one-point reduction in his criminal history points, this reduction will not impact his criminal history category. Consequently, because the sentence imposed would not change, his motion is **DENIED**.

 **I.**　　**ANALYSIS**

 Mr. Benavides pleaded guilty to one count of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)), bank fraud (18 U.S.C. § 1344) and one count of Aggravated Identity Theft (18 U.S.C. § 1028(a)(1))[1]. (Doc. 28) At the sentencing hearing, the Court determined Mr.

---

[1] This offense requires a term of imprisonment to be serve consecutive to any other term imposed.

Benavides had suffered numerous convictions, which resulted in his being assigned 25 criminal history points. *Id*. at 14. Because he was under a term of supervision at the time he committed the offenses at issue, the Court added two additional points to the total as indicated by former § 4A1.1(d) of the United States Sentencing Guidelines. *Id*. According to the Sentencing Table in USSG Chapter 5, Part A, these 27 criminal history points, placed him in a criminal history category VI. *Id*.

As noted by Mr. Benavides, § 4A1.1(e) of the United States Sentencing Guidelines has been amended to allow impose only one added status point for those who commit their crimes while under supervision if the defendant has at least seven criminal history points by that time. As noted above, Mr. Benavides had 25 points before status points were added. A defendant is placed in Criminal History Category VI when the defendant has 13 or more criminal history points. Thus, even reducing his status points to a single point, he would still have 26 criminal history points, which continues him in criminal history category VI. Thus, because the Amendment to § 4A1.1(e) has no impact on his sentence, Mr. Benavides' motion to reduce his sentence (Doc. 31) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 7, 2024**

                                                                                          *Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE